IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMERS PRODUCE CO., INC., et al., | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 10-1068 |
| v. | ) ) |
| GEORGIANA PRODUCE, INC., et al., Defendants. | ) ) ) ) |
| AMBROSE, Senior District Judge | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Consumers Produce Co., Inc., J.E. Corcoran, and Coosemans Pittsburgh, Inc. (collectively, "Plaintiffs") have filed a complaint [Docket No. 1] against Defendants Georgiana Produce, Inc., Deserae Hair Georgiana and Christopher J. Georgiana alleging claims under the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) ("PACA") based on Defendants' failure to pay Plaintiffs for produce valued at $153,887.10. Defendant Christopher J. Georgiana has moved to dismiss the Complaint on the grounds that he lacks the requisite control necessary for individual liability under PACA.

The movant recognizes that individuals may be liable under PACA when those individuals have control over the entity's assets. (Def. Br. at 3.) However, as the Third Circuit explained, in a case relied upon by the movant, the test for individual liability "depends on the facts found by the trier at trial (or the District Court at summary judgment when there is no genuine issue of material fact.)" Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., 623 F.3d 163, 169 (3d Cir. 2010).

Here, Plaintiffs have alleged that the movant was in a position of control over the PACA

1

trust assets belonging to Plaintiff. In opposition to this motion, Plaintiffs have further explained that the movant had check signing authority, maintained a corporate credit card, received a salary from Georgiana Produce, and was President of Georgiana Transport, Inc. (Pl. Br. at 3-4.) While these specific factual allegations do not appear in the Complaint itself, the movant has not challenged the sufficiency of the allegations under Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007) and Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), only whether or not the movant had actual control. In any event, Plaintiffs' clarification of the factual allegations indicating control would meet the pleading standard.

Since the issue of control under PACA is premature at the motion to dismiss stage, I will deny the motion to dismiss. The issue can be reasserted by Defendant Christopher J. Georgiana at summary judgment or trial.

Based on the foregoing, Defendant Christopher J. Georgiana's motion to dismiss [Docket Nos. 13, 14] is DENIED.

Dated: December 28, 2010

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge