IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMERS PRODUCE CO., INC., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 10-1068 |
| GEORGIANA PRODUCE, INC., et al., | ) |
| Defendants. | ) |
| AMBROSE, Senior District Judge | ) |

**OPINION AND ORDER**

Preliminary Statement

Plaintiffs Consumers Produce Co, Inc. ("Consumers"), J.E. Corcoran ("Corcoran") and Coosemans Pittsburgh, Inc. ("Coosemans) move for summary judgment against Defendants Georgiana Produce, Inc., Deserae Hair Georgiana and Christopher J. Georgiana seeking $153,887.10, plus prejudgment interest and attorneys' fees, relating to Defendants' failure to pay for wholesale quantities of agricultural commodities sold and delivered by Plaintiffs. Defendants Georgiana Produce, Inc. and Deserae Hair Georgiana do not oppose the motion. None of the Defendants contest the amount of the judgment sought or Plaintiffs' entitlement to attorneys' fees and prejudgment interest. The only issue before me is whether Christopher Georgiana is liable under the trust provisions of the Section 499e(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a *et seq.* For the reasons set forth below, I find that he is personally liable and grant summary judgment on behalf of Plaintiffs against all Defendants.

1

## I. Legal Standard

In order to prevail on a motion for summary judgment, the moving party must demonstrate that "there is no genuine issue of material fact and. . .the moving party is entitled to judgment as a matter of law." Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 2007 WL 2153278, at *1 (3d Cir. July 27, 2007) (quoting Fed. R. Civ. P. 56(c)). "[W]here the party opposing a motion for summary judgment bears the ultimate burden of proof, the moving party may discharge its initial burden of showing that there is no genuine of material fact by showing - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Player v. Motiva Enter., LLC, 2007 WL 2020086, at *9 n.4 (3d Cir. July 13, 2007). "If the moving party has satisfied its initial burden, the nonmoving party must, in their opposition to the motion, identify evidence of record that creates a genuine issue of material fact." Id. Moreover, "[t]o defeat a motion for summary judgment, the non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial.' " Jurimex Kommerz Transit G.M.B.H., 2007 WL 2153278, at *1 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

## II. Statement of Undisputed Facts[1]

Plaintiffs are engaged in the business of buying and selling wholesale quantities of produce and are licensed as dealers under the PACA. Consumers sold and delivered to Defendants various wholesale lots of produce worth $30,544.94, for which it has not been paid. Corcoran sold and delivered to Defendants various wholesale lots of produce worth $47,478.91, for which it has not been paid. Coosemans sold and delivered to Defendants various wholesale

---

[1] All of the facts submitted by Plaintiffs in support of their motion for summary judgment, and recited herein, have been admitted by Defendants. [See Docket No. 27.]

2

lots of produce worth $75,863.25, for which it has not been paid. The invoices submitted by Consumers and Coosemans contained the contract terms requiring Plaintiffs to pay interest on all outstanding invoices and attorneys' fees incurred in the collection of debts.

Defendant Deserae Hair Georgiana admits that she was the President and a shareholder of Georgiana Produce, and was in a position to control PACA trust assets, evidenced by the check signing authority she maintained on the Georgiana Produce bank account at Parkvale Bank. She also maintained a corporate credit card on the Georgiana Produce American Express Business Gold Card Account.

Defendant Christopher Georgiana maintained check signing authority on the Georgiana Produce Bank account at Parkvale Bank, where he attested to being an Officer of Georgiana Produce and is identified as the Operations Manager on the Parkvale Bank signature card. He was the signatory on frequent checks made payable to Plaintiffs for the sale of produce. He tendered and signed repeated payroll payments to himself and Deserae Hair Georgiana for their benefit. He also maintained a corporate credit card on the Georgiana Produce American Express Business Gold Card Account. Finally, he is the President of Georgiana Transport, Inc., which maintained a Capital One Visa Business Card which was paid from the Georgiana Produce Parkvale Bank Account with checks signed by Christopher Georgiana.

### III. Plaintiffs' Motion for Summary Judgment

As previously stated, Defendants Georgiana Produce, Inc. and Deserae Hair Georgiana do not oppose the motion for summary judgment in any respect. Accordingly, I grant summary judgment on behalf of Plaintiffs against these Defendants.

The only issue before the Court is whether Defendant Christopher J. Georgiana can be held individually liable under PACA based on the undisputed facts in the record. Notably,

Christopher Georgiana has submitted no evidence in connection with his opposition to the motion.

Section 499e of PACA imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. §499e(c)(2). "[A]n individual who is in the position to control the PACA trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act." Bear Mountain Orchards, Inc. v. Mich-Kim, Inc., 623 F.2d 163, 167-68 (3d Cir. 2010)(internal quotations omitted). The Third Circuit has established a two-part test to determine whether an individual faces liability under PACA: (1) whether the "individual holds a position that suggests a possible fiduciary duty to preserve the PACA trust assets (e.g. officer, director, and/or controlling shareholder); and 2) whether that individual's involvement with the corporation establishes that [he or] she was *actually* able to control the PACA trust assets at issue." Id. at 172 (emphasis in original).

Christopher Georgiana argues that, pursuant to Bear Mountain Orchards, there is a question of fact as to whether he can be held individually liable for monies owed to Plaintiffs under PACA. In Bear Mountain Orchards, the Third Circuit affirmed the District Court's finding that an officer and shareholder in the Defendant corporation was not secondarily liable to trust creditors under PACA because she was not actively involved in running the corporation. 623 F.3d at 166. In so affirming, the Third Circuit noted that, notwithstanding Mrs. Fleisher's title as Vice President on the corporation's bank signature cards and other documents listing her as Secretary and Treasurer, and her status as a 50% shareholder in the corporation, the evidence

4

presented at trial established that she did not possess the power to manage plaintiffs' PACA assets and that she had limited responsibilities and authority within the corporation and was at all times subordinate to her husband and his office manager. Id. at 169-70.

Christopher Georgiana states that he "never had any ownership or management authority at Georgiana Produce, Inc. Any involvement he had was simply as a convenience to the company and his wife and was as an employee." (Docket No. 28, at 5.) He further states that, like the defendant in Bear Mountain Orchards, "[h]e did not make business decision (sic) and any signed checks were merely a convenience to his wife who was running the business and raising young children." (Id. at 6.)

Defendant Christopher Georgiana's argument fails to raise a question of fact requiring trial of this matter. First, as discussed in Part I above, Christopher Georgiana's burden in opposing summary judgment is to "identify evidence of record that creates a genuine issue of material fact." Christopher Georgiana failed to identify any evidence of record that supports his purported factual assertions that he did not exercise control of PACA trust assets. The only evidence in the record before me was submitted by Plaintiffs, and it demonstrates that Defendant Christopher Georgiana maintained check signing authority on the Georgiana Produce Bank account at Parkvale Bank, where he attested to being an Officer of Georgiana Produce and is identified as the Operations Manager on the Parkvale Bank signature card. He was the signatory on frequent checks made payable to Plaintiffs for the sale of produce. He also tendered and signed repeated payroll payments to himself and Deserae Hair Georgiana for their benefit. He also maintained a corporate credit card on the Georgiana Produce American Express Business Gold Card Account. Finally, he is the President of Georgiana Transport, Inc., which maintained a Capital One Visa Business Card which was paid from the Georgiana Produce Parkvale Bank

Account with checks signed by Christopher Georgiana. Indeed, Christopher Georgiana admitted the truth of these assertions.

Given this evidence, I find that Christopher Georgiana's involvement with Georgiana Produce meets the two-prong test of individual liability under <u>Bear Mountain Orchards</u>. Under the first prong, Christopher Georgiana admits to having attested to being an officer of Georgiana produce and its Operations Manager. With respect to the second prong, Christopher Georgiana exercised actual control of PACA trust assets through his use of the Georgiana Produce checking accounts to pay its vendors, meet payroll and pay the credit card invoices of his own company, Georgiana Transport. He further held a corporate credit card on the Georgiana Produce American Express Business Gold Card Account. Given these undisputed facts, I find that Christopher Georgiana was in a position to control the PACA trust assets and is individually liable to the Plaintiffs herein.

Plaintiffs also seek prejudgment interest and attorneys' fees in connection with this action. Because it is undisputed that the terms of Coosemans and Consumers agreements with Georgiana Produce entitled them to interest on unpaid invoices at the rate of eighteen (18%) per year as well as collection costs, including attorneys' fees, I grant summary judgment awarding interest at the contract rate and reasonable attorneys' fees incurred in connection with the collection of the debts to these Plaintiffs.

Corcoran did not have an agreement providing for an award of interest or collection costs and fees. Federal courts have found that an award of prejudgment interest is consistent with the purposes of PACA. <u>See, e.g.</u>, <u>In re W.L. Bradley Co., Inc.</u>, 78 B.R. 92, 94 (Bankr. E.D. Pa. 1987). Accordingly, Corcoran is entitled to prejudgment interest at a rate of six percent per annum under Pennsylvania law. 41 P.S. §202. Again, this is not disputed by Defendants.

Therefore, I grant summary judgment on behalf of Corcoran in the amount of $47,478.91 plus interest.

## ORDER

Having carefully considered Plaintiffs' motion for summary judgment [Docket Nos. 20-25], Defendants' response thereto [Docket Nos. 27-28], and Plaintiffs' reply [Docket No. 29], it is hereby ORDERED that:

(1) Plaintiffs' motion for summary judgment is GRANTED;

(2) Plaintiff Consumers Produce Co., Inc. is awarded the sum of $30,544.94, plus prejudgment interest at the rate of 18% per year and reasonable attorneys' fees incurred in connection with the collection of this debt;

(3) Plaintiff Coosemans Pittsburgh, Inc. is awarded the sum of $75,863.25, plus prejudgment interest at the rate of 18% per year and reasonable attorneys' fees incurred in connection with the collection of this debt;

(4) Plaintiff J.E. Corcoran is awarded the sum of $47,478.91 plus prejudgment interest at the rate of 6% per year; and

(5) Plaintiffs Consumers Produce and Coosemans shall submit their motion for attorneys' fees by December 16, 2011.

Dated: November 22, 2011

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior U.S. District Judge