IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMERS PRODUCE CO., INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 10-1068 |
| ) | |
| GEORGIANA PRODUCE, INC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Senior District Judge

## MEMORANDUM ORDER OF COURT

Plaintiffs, Consumers Produce Co., Inc., J.E. Corcoran and Coosemans Pittsburgh, Inc., initiated this action for failure to pay for wholesale quantities of agricultural commodities sold and delivered by Plaintiffs. (ECF No. 1). Plaintiffs filed a motion for summary judgment on April 4, 2011. (ECF No. 20). I granted summary judgment in favor of Plaintiffs on November 22, 2011. (ECF No. 30). On November 30, 2011, I entered Judgment in favor of Plaintiffs. (ECF No. 31).

Pending is a Motion for Attorney Fees and Costs filed by Plaintiffs. (ECF No. 32). On December 16, 2012, I ordered that a response to the motion was due by January 2, 2012. Defendants did not file a response thereto by January 2, 2012. My Chambers contacted Defendants' counsel regarding their response. Defendants' counsel indicated that they would not be filing a response.

## LEGAL ANALYSIS

In reviewing motions for attorney fees, courts use the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 24, 433 (1983); *Loughran v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir. 2001). "A District Court has substantial discretion in determining what constitutes a reasonable

rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey,* 259 F.3d 146, 148 (3d Cir. 2001). Thereafter, a district court may adjust the fee for a variety of reasons, the most important factor being the "results obtained" by the plaintiff. *Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1179, 1185 (3d Cir. 1995).

Defendants do not object to the hourly rates of Plaintiffs' counsel. An attorney's reasonable rate for fee awards is the market rate prevailing in the community. *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 180 (3d Cir. 2001). After a review of the case, I find that the rates charged by Plaintiffs' counsel are reasonable.

The next factor to consider is the reasonableness of the hours expended. "The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Community Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 711 (3d Cir. 2005), citing *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 719 (3d Cir. 1989). Defendants do not object to the reasonableness of the hours expended by Plaintiffs' counsel. As a result, I will not reduce the request based on the same.

Thus, the following total fees will be permitted:

| | |
|---|---|
| Consumers Produce Co., Inc. | $ 4,615.39 |
| Coosemans Pittsburgh, Inc. | $11,497.78 |
| **TOTAL FEES** | **$16,113.17** |

Therefore, the lodestar is $16,113.17.

Having determined the basic lodestar amount does not end my inquiry. *Hensley,* 461 U.S. at 434. I may adjust the lodestar upward or downward based on a variety of reasons. "[T]he most critical factor is the degree of success obtained." *Id.* at 436; *Public Interest Research Group of N.J.,* 51 F.3d at 1185; *Spencer v. Wal-Mart Stores, Inc.,* 469 F.3d 311, 319 (3d Cir. 2006)(upholding a reduction in attorney's fees by 75%). "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is

reasonable in relation to the results obtained." *Hensley*, 461 at 440. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

     In this case, there is no reason suggested to adjust the lodestar. Accordingly, lodestar for attorney fees is **$16,113.17.**

                                   BY THE COURT:

                                   s/ Donetta W. Ambrose
                                     Donetta W. Ambrose
                                     United States Senior District Judge

Dated: January 11, 2012